No. 2230.—NEW ORLEANS CITY RAILROAD COMPANY *v.* CRESCENT CITY RAILROAD COMPANY.

An injunction that has issued to restrain other parties from erecting a street railroad on a particular piece of ground, predicated on the alleged exclusive right on the part of the petitioner, will be dissolved and set aside if it be not shown that he has such exclusive right. The fact that the vendor of the petitioner had acquired the exclusive right from the city of New Orleans to build a street railroad over the neutral ground on Canal street, and afterward abandoned it, will not of itself confer the exclusive right upon a third party who may obtain permission from the city to build a road thereon.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* *W. H. Hunt,* for plaintiff and appellee. *T. Gilmore,* for defendant and appellant.

WYLY, J. The defendant appeals from the judgment perpetuating the injunction sued out by the plaintiff to restrain it from building a railroad on the neutral ground on Canal street, between Magazine and Camp streets.

The grounds for the injunction are that the plaintiff has the exclusive right to said neutral ground on Canal street for its railroad by virtue of its contract with the city of New Orleans, and that the defendant is estopped from contesting this exclusive right by virtue of a compromise between the plaintiff and David McCoard, the vendor of the defendant, in which the latter renounced the right to extend his railroad over this section of the neutral ground on Canal street.

The first ground is not correct. The city of New Orleans has not granted to the plaintiff the exclusive right to the use of the neutral ground in controversy, although it gave it permission to keep a double track thereon. It is not pretended that the defendant is interfering with the track of the plaintiff. It is only endeavoring to comply with its agreement with the city of New Orleans, made under ordinance No. 478, new series, approved by the Mayor on the fourteenth October, 1867, in which the defendant was authorized and required to extend its road over said space of ground.

The plaintiff having permission to run a street car on Canal street, has no cause to complain if for public convenience a like privilege has

been given to another by the common grantor. The city undoubtedly had the right to make the grant contained in the ordinance of the fourteenth of October, 1867, and we see nothing prohibiting the defendant from accepting it, nor do we see an obligation compelling the acquired right to inure to the benefit of the plaintiff.

Grant that McCoard, from whom the defendant derived title, abandoned or sold to the plaintiff the right which he had under a contract with the city in 1865 to build or extend the road over the space of ground on Canal street, his subsequent sale to the defendant of the balance of his rights did not incapacitate the latter from receiving the grant of the fourteenth of October, 1867. It may be true that the acquisition of a better title by the vendor than the one conveyed, inures to the benefit of the vendee by virtue of the obligation of warranty implied in the contract, and it would also be true that the acts, admissions or declarations of the vendor, in matters of title, are binding on the vendee; but these principles of law have no application to the case before us.

Here the right claimed by the defendant to the use of the vacant space in dispute was not acquired from McCoard. He had previously abandoned his right to run street cars on the neutral ground on Canal street, between Magazine and Camp streets, in a compromise with the plaintiff, and the city of New Orleans, which granted McCoard the right to do so in 1865, accepted and approved the said abandonment.

Assuming, then, that there was an obligation of the character contended for between McCoard and the plaintiff, which we do not admit, that obligation has not been incurred by the defendant by virtue of the transfer which McCoard made to it on the eighth of August, 1866, of all the rights which he had to run street cars in the city of New Orleans, remaining to him after the said abandonment. The right claimed by the defendant, and which the plaintiff has enjoined from being exercised, was not derived from McCoard; but the defendant acquired it in October, 1867, from the city of New Orleans.

Now, because the defendant acquired all the railroad interests vested in McCoard on the eighth of August, 1866, did that preclude it from acquiring from another source a right which McCoard once had, but had abandoned previous to his conveyance to the defendant? As to the right in dispute, the defendant is not the vendee of McCoard, and is therefore not bound by his acts, admissions or declarations in relation thereto.

The right claimed by the defendant to run its cars upon the disputed territory was granted to it by the city of New Orleans, from whom the plaintiff also derived its privilege.

Under this state of facts, where does the obligation arise prohibiting the acquisition of the right claimed by the defendant, or if acquired,

compelling it to inure to the benefit of the plaintiff? We are unable to find the origin of such an obligation in any of the sources known to the law from which legal obligations arise, and therefore we conclude that it does not exist.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is now ordered that there be judgment for the defendant, the plaintiff paying costs of both courts.